MaddeN, Judge,
delivered the opinion of the court:
On January 0, 1940, the President of the United States addressed to plaintiff the communication which appears in No. 1 of the Special Findings of Fact. Plaintiff claims that under the applicable statute a gratuity of $100 should have been paid him after he was awarded the medal mentioned in the President’s communication. The gratuity was not paid, and plaintiff here sues for it.
Plaintiff says that the Medal of Honor was awarded to him pursuant to the terms of the Act of March 3, 1901, *509 which act specifically provides for a $100 gratuity. The money has not been paid because the Comptroller of the Treasury in 1919 (27 Comp. Dec. 297) and the Comptroller General in two decisions since that time (1 Comp. Gen. 240; 5 Comp. Gen. 258) have held that a 1919 statute (Chap. 14,40 Stat. 1056, U. S. C. A., Tit. 84, Secs. 856-364) repealed the Act of 1901 and set up a new and different system of rewards for heroism in the Navy, under which system the President could not confer the Congressional Medal of Honor for peacetime heroism, but only a Distinguished Service Medal or a Navy Cross.
It is necessary to set out the pertinent statutory provisions.
Section 1407 of the Revised Statutes (derived from Act of May 17, 1864, 13 Stat. 79) provides:
Seamen distinguishing themselves in battle, or by extraordinary heroism in the line of their profession, may be promoted to forward warrant officers, upon the recommendation of their commanding officer, approved by the flag officer and Secretary of the Navy. And upon such recommendation they shall receive a gratuity of $100 and a medal of honor, to be prepared under the direction of the Navy Department.
Chapter 850 of the Act of March 3, 1901 (Chap. 50, 31 Stat. 1099, IT. S. C. A., Tite 34, Section 351), provides:
An Act for the reward of enlisted men of the Navy or Marine Corps.
Be it enacted by the Senate and House of Representatives of the United States of America, in Congress assembled, That any enlisted man of the Navy or Marine Corps who shall have distinguished himself in battle or displayed extraordinary heroism, in the line of his profession shall, upon the recommendation of his commanding officer, approved by the flag officer and the Secretary of the Navy, receive a gratuity and medal of honor as provided for seamen in section fourteen hundred and seven of the Revised Statutes.
The Act of February 4, 1919 (Chap. 14, 40 Stat. 1056, U. S. C. A., Title 34, Section 354-364), provides:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the President of the United States be, and he is hereby, authorized to. present, in the name of Congress, a medal of honor to any person *510 who, while in the naval service of the United States, shall, in action involving actual conflict with the enemy, distinguish himself conspicuously by gallantry and intrepidity at the risk of his life above and beyond the call of duty and without detriment to the mission of his command or the command to which attached.
Seo. 2. That, the President be, and he hereby is. further authorized to present, but not in the name or Congress, a distinguished-service medal of appropriate design and a ribbon, together with a rosette or other device to be worn in lieu thereof, to any person who, while in the naval service of the United States, since the sixth day of April, nineteen hundred and seventeen, has distinguished, or who hereafter shall distinguish, himself by exceptionally meritorious service to the Government in a duty of great responsibility.
Sec. 3. That the President be, and he hereby is, further authorized to present, but not in the name of Congress, a Navy cross of appropriate design and a ribbon, together with a rosette or other device to be worn in lieu thereof, to any person who, while in the naval service of the United States, since the sixth day of April, nineteen hundred and seventeen, has distinguished, or who shall hereafter distinguish, himself by extraordinary heroism or distinguished service in the line of his profession, such heroism or service not being sufficient to justify the award of a medal of honor or a distinguished-service medal.
Sec. 4. That each enlisted or enrolled person of the naval service to whom is awarded a medal of honor, distinguished-service medal, or a Navy cross shall, for each such award, be entitled to additional pay at the rate of $2 per month from the date of the distinguished act or service on which the award is based, and each bar, or other suitable emblem or insignia, in lieu of a medal of honor, distinguished-service medal, or Navy cross, as hereinafter provided for, shall entitle him to further additional pay at the rate of $2 per month from the date of the distinguished act or service for which the bar is awarded, and such additional pay shall continue throughout his active service, whether such service shall or shall not be continuous.
Sec. 5. That no more than one medal of honor or one distinguished-service medal or one Navy cross shall be issued to any one person; but for each succeeding deed or service sufficient to justify the award of a medal of honor or a distinguished-service medal *511 or Navy cross, respectively, the President may award a suitable bar, or other suitable emblem or insignia, to be worn with the decoration and the corresponding rosette or other device.
Seo. 6. That the Secretary of the Navy is hereby authorized to expend from the appropriation “Pay of the Navy” of the Navy Department so much as may be necessary to defray the cost of the medals of honor, distinguished-service medals, and Navy crosses, and bars, emblems, or insignia herein provided for, and so much as may be necessary to replace any medals, crosses, bars, emblems, or insignia as are herein or may heretofore have been provided for: Provided, That such replacement shall be made only in those cases where the medal of honor, distinguished-service medal, or Navy cross, or bar, emblem, or insignia presented under the provisions of this or any other Act shall have been lost, destroyed, or rendered unfit for use without fault or neglect on the part of the person to whom it was awarded, and shall be made without charge therefor.
Seo. 7. That, except as otherwise prescribed herein, no medal of honor, distinguished-service medal, Navy cross, or bar or other suitable emblem or insignia in lieu of either of said medals or of said cross, shall be issued to any person after more than five years from the date of the act or service justifying the award thereof, nor unless a specific statement or report distinctly setting forth the act or distinguished service and suggesting or recommending official recognition thereof shall have been made by his naval superior through official channels at the time of the act or service or within three years thereafter.
Seo. 8. That in case an individual who shall distinguish himself dies before the making of the award to which he may be entitled, the award may nevertheless be made and the medal or cross or the bar or other emblem or insignia presented within five years from the date of the act or service justifying the award thereof to such representative of the deceased as the President may designate: Provided, That no medal or cross or no bar or other emblem or insignia shall be awarded or presented to any individual or to the representative of any individual whose entire service subsequent to the time he distinguished himself shall not have been honorable: Provided further, That in cases of persons now in the naval service for whom the award of the medal of honor has been recommended in full compliance with then existing regula *512 tions, but on account of services which, though insufficient fully to justify the award of the medal of honor, appear to have been such as to justify the award ot the distinguished-service medal or Navy cross here-inbefore provided for, such cases may be considered and acted upon under the provisions of this Act authorizing the award of the distinguished-service medal and Navy cross notwithstanding that said services may have been rendered more than five years before said cases shall have been considered as authorized by this proviso, but all consideration or any action upon any of said cases shall be based exclusively upon official records now on file in the Navy Department.
Seo. 9. That the President be, and he hereby is, authorized to delegate, under such conditions, regulations, and limitations as he shall prescribe, to flag officers who are commanders in chief or commanding on important independent duty the power conferred upon him by this Act to award the Navy cross; and he is further authorized to make from time to time any and all rules, regulations, and orders which he shall deem necessary to carry into effect the provisions of this Act and to execute the full purpose and intention thereof.
As we have said, from the time of the adoption of the 1919 Act, the Comptroller of the Treasury and, since the office of the Comptroller General was established, that official, have consistently held that the Act of 1901 was repealed by the Act of 1919. On the other hand, the Judge Advocate General of the Navy held that the Act of 1901 was still in force (see 1 Comp. Gen. 240), and the Navy Department has continued to award Medals of Honor under the 1901 Act (see Par. A-1002 of the Bureau of Navigation Manual). Several Presidents have since 1919 made some twenty awards of Congressional Medals of Honor for peacetime heroism. The consequence has been that these persons have received their Congressional Medals of Honor but not their $100 gratuities. Somewhat surprisingly plaintiff received, without objection by the Comptroller General, the pay increase of $2 per month provided by Section 4 of the 1919 Act. This seems hardly consistent with that official’s decision that the 1901 Act was repealed in 1919, since if plaintiff’s Congressional Medal was not awarded under the 1901 Act it could not have been lawfully awarded at all, as *513 the 1919 Act plainly provides for the Congressional Medal ■for wartime heroes only.
The defendant’s attorneys indicate that they think plaintiff is entitled to the gratuity, and, after pointing out the arguments for and against that position^ they submit the problem to the Court.
We think that the Act of 1919 did not repeal the Act of 1901. There is no express language of repeal in the later Act. Repeals by implication are not found unless the acts in question are repugnant, U. S. v. Borden Co., 308 U. S. 188, 198. Here there is no necessary repugnancy. The 1919 Act made provision, in its Sections 2 and 3, for awards for such acts as plaintiff’s, not performed in battle. Under' this Act he could possibly have been given a Distinguished Service Medal or certainly a Navy Cross. But the Congressional Medal of Honor, provided for in Section 1 of the 1919 Act, was reserved for acts of heroism “in action involving actual conflict with the enemy,” hence plaintiff could not have been awarded that honor under that act. But that does not necessarily imply that plaintiff was not to be per.mitted to receive a Medal of Honor under another act.
Congress might very logically have provided that the classification of awards set up in the 1919 Act should be the only one available. The legislative history indicates that Congress did not intend, to go so far. A provision in the bill as reported to the House provided for the repeal of all other acts relating to awards of Medals of Honor. That provision was deleted by amendment on the floor. The House debate (56 Cong. Bee., pp. 11139-40) indicates some confusion as to what the then-existing law was, but! no sufficiently clear intention to repeal earlier laws. In the Senate, the Committee Report stated:
This bill does not repeal nor is it intended to repeal any existing statute. It does, however, amplify the existing statutes respecting the medal of honor, which is now oftentimes referred to as the congressional medal of honor (Senate Report No. 638, 65th Cong., 3rd Sess.).
Nothing else in the Senate proceedings contradicts this express' statement. We conclude, therefore, that the Act of *514 1901 is still in force, that plaintiff received his award under it, and that he is entitled to the $100 gratuity provided for in that Act. It is so ordered.
Jones, Judge; Whittakek, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.